# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JO ANN ALLEN, | : |
| Plaintiff, | : |
| v. | : 3:18-CV-209 |
| | : (JUDGE MARIANI) |
| LACKAWANNA COUNTY BOARD OF COMMISSIONERS, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

The Court issues this Memorandum Opinion and accompanying Order to clarify the record in this matter and address three items requiring this Court's attention: (1) a June 22, 2018 Order (Doc. 19) issued by Magistrate Judge Mehalchick construing a filing submitted by Plaintiff as an amended complaint (Doc. 20), to which Plaintiff objects; (2) Magistrate Judge Mehalchick's January 11, 2019 Report and Recommendation ("R&R") (Doc. 29) recommending granting in part and denying in part Defendants' July 13, 2018 motion to dismiss (Doc. 21), to which Plaintiff objects; and (3) Plaintiff's multiple requests to vacate reference of this matter to Magistrate Judge Mehalchick (Doc. 28, Doc. 31, Doc. 33).

Because Plaintiff filed what this Court construes as a Second Amended Complaint on January 31, 2019 (Doc. 35), Plaintiff's objections to the June 22, 2018, Order are moot. For the same reason, the Court finds the R&R (Doc. 29) addressing Defendants' motion to dismiss to be moot and therefore finds that Plaintiff's objections to the R&R are moot.

Finally, the Court will affirm the Magistrate Judge's denial (Doc. 30) of Plaintiff's first motion to vacate reference of this case to the Magistrate Judge (Doc. 28) and overrule Plaintiff's objections thereto (Doc. 33).

## II. Procedural History

The record in this matter is muddled. *Pro se* Plaintiff Jo Ann Allen ("Plaintiff") filed this employment discrimination action alleging various claims under federal and state law against her former employer, Defendant Lackawanna County Board of Commissioners, and associated individuals (collectively, "Defendants") on January 30, 2018. (Doc. 1). On February 21, 2018, Defendants filed a motion to dismiss (Doc. 6), which was fully briefed by the parties (Doc. 7, Doc. 13, Doc. 14, Doc. 16, Doc. 17). On April 20, 2018, in conjunction with the filing of her opposition to Defendants' motion to dismiss, Plaintiff filed a document with the Court titled "Simplification & Clarification Amendments of Plaintiff's Claims for Defendants' Understanding of: Allen v. Lackawanna County (LC), et al...Civil Action on Employment Harassment, Discrimination, Retaliation, and Improper Violations of her Constitutional, Civil, PHRA, and FMLA Rights [sic]." ("Simplification & Clarification Amendments") (Doc. 18). The Simplification & Clarification Amendments is an 11-page document enumerating Plaintiff's claims against Defendants, which are divided into 10 counts.

Magistrate Judge Mehalchick issued an Order on June 22, 2018, construing the Simplification & Clarification Amendments as an amended complaint ("First Amended

Complaint") and accepting it as such under Fed. R. Civ. P. Rule 15(a). (Doc. 19). The June 22 Order also "struck from the record" Defendants' motion to dismiss as moot and instructed Defendants to "file a responsive pleading or motion to the amended complaint within twenty-one days." (*Id.*) Plaintiff filed objections to the June 22 Order on July 5, 2018, arguing that she opposed the June 22 Order's "factual findings," and that the Simplification & Clarification Amendments was not an amended complaint, but rather was filed with her opposition to Defendants' motion to dismiss as "paper presented in a Prima Facie case format for Defendants', stated as needed, understanding [sic]." (Doc. 20). In accordance with the Magistrate Judge's June 22 Order, Defendants filed a motion to dismiss as to Plaintiff's First Amended Complaint on July 13, 2018, with subsequent briefing. (Doc. 21, Doc. 25, Doc. 27).

Plaintiff submitted two filings in opposition to the July 13 motion to dismiss. The first filing, titled "Opposition to Defendants' Motion to Dismiss Plaintiff's Simplification and Clarification, Supplemental Pleading, that the Magistrate Judge Construed as an Amendment" ("First Opposition") (Doc. 22), was filed on July 20, 2018, before Defendants filed a brief in support of their July 13 motion to dismiss. The First Opposition again argued that the Simplification & Clarification Amendments was not an amended complaint and requested that this Court "conduct a de novo review of the January 30, 2018, Original Complaint with exhibits of evidence, together with the April 20, 2018 filed, supplemental pleading for Defendants', needed understanding, and, Order Defendants' to plead a legal

3

defense to it." (*Id.* at 3). On August 7, 2018, subsequent to Defendants' filing of their brief in support of their motion to dismiss (Doc. 25), Plaintiff filed her second document in opposition to the July 13 motion, titled "Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss Her April 20, 2018 Submitted, Complaint Rephrase Supplement to Her Legal Action Filed on January 30, 2018 [sic]." ("Second Opposition") (Doc. 26). The Second Opposition yet again argued that the Magistrate Judge incorrectly construed the Simplification & Clarification Amendments as an amended complaint and opposed Defendants' substantive arguments in the July 13 motion to dismiss by attempting to elaborate on Plaintiff's claims to establish that she sufficiently pled claims for relief. (*Id.*)

The Magistrate Judge issued an R&R on January 11, 2019, evaluating Defendants' July 13, 2018 motion to dismiss. (Doc. 29). The R&R recommended that this Court deny in part and grant in part Defendants' July 13, 2018 motion to dismiss, but also recognized the confused state of the record and the disorganized and uncertain scope and nature of Plaintiff's claims and thus recommended that Plaintiff be provided with another opportunity to amend her complaint. (*Id.* at 22-23 ("It is recommended that Allen be allowed an opportunity to file a single, unified, legible complaint setting forth factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.")). Plaintiff timely filed objections to the R&R on January 23, 2019, arguing for the fourth time that the Magistrate Judge incorrectly construed the Simplification and Clarification Amendments as an amended complaint. (Doc. 32). In her objections, Plaintiff

4

also provided "counter comments" to the Magistrate Judge's analysis of the pleading sufficiency of Plaintiff's claims, and requested that Plaintiff not be required to file an amended complaint. (*Id.* at 7-8). Despite her expressed reluctance to file an amended complaint, Plaintiff submitted such an amended complaint to the Court on January 31, 2019 by filing a document titled "Magistrate Judge Ordered, Amended Complaint." ("Second Amended Complaint") (Doc. 35). On February 14, 2019, Defendants filed a motion to dismiss the Second Amended Complaint and subsequently filed a brief in support of this motion. (Doc. 36, Doc. 39). On March 13, 2019, Plaintiff filed a brief in opposition to the motion to dismiss the Second Amended Complaint, again arguing that the Magistrate Judge erred in this case, but also substantively responding to Defendants' arguments. (Doc. 40).

In addition to these filings, Plaintiff has also filed two motions to vacate reference of this case to the Magistrate Judge, the first on December 19, 2018 (Doc. 28), and the second on January 23, 2019 (Doc. 31). In both motions, Plaintiff argues that the Magistrate Judge erred in issuing the June 22, 2018 Order which construed the Simplification & Clarification Amendments as an amended complaint and that the Magistrate should have issued a Report and Recommendation on the matter instead. (*See* Doc. 28 at 2). On January 11, 2019, Magistrate Judge Mehalchick issued an Order denying the first motion to vacate, reasoning that 28 U.S.C. § 636(c)(4) did not apply and that there are no grounds for her recusal under 28 U.S.C. § 455. (Doc. 30). Plaintiff submitted objections to this Order on

5

January 23, 2019 (Doc. 33) and filed the second motion to vacate that same day (Doc. 31). The Magistrate Judge has not yet ruled on the second motion to vacate.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Fed. R. Civ. P. 15(a). A party is permitted to amend a pleading once as a matter of course if filed within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), Fed. R. Civ. P. 15(a)(1)(B). In other cases, a party "may amend its pleading only with the opposing party's consent or the court's leave[,] [and] [t]he court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). A formal motion is not needed to grant an amendment to a pleading. *Feuerstein v. Simpson*, 582 F. App'x 93, 97 n.3 (3d Cir. 2014) (citations omitted) (noting a court may *sua sponte* grant an amendment to a pleading and that a formal motion is not needed under Rule 15(a)); *see also, Dietz v. Bouldin*, 136 S.Ct. 1885, 1892-93 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Furthermore, courts are required to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985). However, *pro se* parties are not excused from their obligations to comply with the Federal Rules of Civil Procedure. *Thomas v. Norris*, No. 02-cv-1854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006).

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b) (regarding dispositive motions and prisoner petitions). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Additionally, a district court may refer non-dispositive motions to magistrate judges for adjudication. Under Local Rule 72.2 of the Middle District of Pennsylvania, "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judge's order," and "[a] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See also, United States v. Polishan*, 336 F.3d 234, 240 (3d Cir. 2003). "The Magistrates Act requires this Court to apply the clearly erroneous standard of review upon appeal of a magistrate judge's report on certain pretrial, non-dispositive motions." *Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 384 (D.N.J. 2006) (citing 28 U.S.C. § 636(b)).

Magistrate judges are also subject to the recusal provisions of 28 U.S.C. § 455, which requires that a judge recuse herself in situations such as when "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted).

## IV. ANALYSIS

Here, the Court has granted a magistrate judge the authority to consider pre-trial issues, including issuing orders on non-dispositive motions and issuing reports and recommendations to this Court addressing dispositive motions. Applying the legal standards regarding amendments to pleadings and assignment of matters to magistrate judges to the issues at hand in the record leads the Court to reach several conclusions.

First, the Court finds that Plaintiff filed a Second Amended Complaint on January 31, 2019 (Doc. 35), after Magistrate Judge Mehalchick issued her R&R (Doc. 29) regarding Defendants' motion to dismiss the First Amended Complaint, but before this Court had the opportunity to consider the R&R. The January 31 document is titled "Magistrate Judge Ordered, Amended Complaint," and purports to set forth Plaintiff's claims in "simple, concise, direct, individual, separate COUNTS" "[p]er F.R.C.P. Rule 8(a)(1),(2)(3), and Rule 8(d),(1),(2),(3)." (Doc. 35 at 3). The Court will accept Document 35 as the Second Amended Complaint pursuant to its inherent authority to manage its docket and Rule 15(b)'s requirement that the Court "freely give leave to amend when justice so requires," and upon

8

determining that Defendants are not prejudiced by the filing of the Second Amended Complaint as they have already filed a motion to dismiss in response. Plaintiff has also already filed a substantive opposition to this latest motion to dismiss, implicitly acknowledging that the January 31 document is now the operative complaint. As a result, the Court finds it unnecessary to consider the merits of the R&R (Doc. 29), will not adopt the R&R because it is now moot, and will dismiss Plaintiff's objections to the R&R as moot. Moreover, the Court will dismiss Defendants' July 13, 2018 motion to dismiss (Doc. 21) as moot. The filing of the Second Amended Complaint also renders moot Plaintiff's objections to the June 22, 2018, Order.[1]

---

[1] The Court notes that if it was considering the merits of the Magistrate Judge's June 22, 2018 order, it would find that the order was not clearly erroneous or contrary to law under the court's inherent authority to manage its docket and Rule 15 of the Federal Rules of Civil Procedure. Despite Plaintiff's statement that the Simplification & Clarification Amendments is merely a supplement to her original complaint, the Simplification & Clarification Amendments sets forth Plaintiff's claims against Defendants in numbered counts with supporting factual allegations, and so is properly construed as Plaintiff's First Amended Complaint. Though Plaintiff may have intended the Simplification & Clarification Amendments to serve as a "supplement" to her original complaint rather than a replacement, on its face the Simplification & Clarification Amendments is clearly an amended complaint. Indeed, Plaintiff appears to have filed the Simplification & Clarification Amendments in rebuttal to Defendants' first motion to dismiss in order to simplify and clarify her claims and, thus, fulfill a typical purpose of an amended complaint. (*See* Doc. 17 at 8 ("This includes simplification, and Defendants' required clarification of case claims.")). Nor was it required that Plaintiff move the Court to treat the Simplification & Clarification Amendments as an amended complaint. *Feuerstein*, 582 F. App'x at 97 n.3. Additionally, despite Plaintiff's urging to the contrary (*see, e.g.*, Doc. 22 at 2-3, Doc. 32 at 2), she is not entitled to a hearing regarding the Magistrate Judge's June 22, 2018 Order. Rule 72(a) of the Federal Rules of Civil Procedure does not require such hearings when a magistrate judge considers non-dispositive motions. Fed. R. Civ. P. 72(a). Nor are formal hearings required when a magistrate judge considers dispositive motions, as Rule 72(b) merely establishes that a magistrate judge may "hear" (i.e., "consider") dispositive motions and issue a report and recommendation to the district judge. Fed. R. Civ. P. 72(b)(1); *see also* M.D. Pa. Local Rule 72.1(a) (magistrate judge may "conduct any hearing conference, or other proceeding the magistrate judge *deems appropriate* in performing his or her duties") (emphasis added).

Furthermore, the Court will affirm Magistrate Judge Mehalchick's Order (Doc. 30) denying Plaintiff's first motion to vacate reference of the case to the Magistrate Judge (Doc. 28) and overrule Plaintiff's objections to that Order, as the Order addresses a non-dispositive motion and is not clearly erroneous or contrary to law. The Magistrate Judge properly considered Plaintiff's request as a motion for recusal under 28 U.S.C. § 455, and accurately summarized Plaintiff's argument as one grounded in displeasure with the Magistrate Judge's rulings rather than in any of the concerns requiring recusal as set forth in § 455 (Doc. 30 at 2-3). The Court will not disturb Magistrate Judge Mehalchick's ruling that recusal is inappropriate under § 455, which is wholly within her discretion. *See In re Kensington Intern. Ltd.*, 353 F.3d 211, 223 n.12, 224 (3d Cir. 2003) (noting that discretion to recuse lies with the judge for whom recusal is sought and comparing to 28 U.S.C. § 144, which requires "another judge" to rule on a recusal motion if a supporting affidavit meets a sufficiency threshold). Nor does this Court find any other reason to exercise its discretion to vacate the referral of this matter to Magistrate Judge Mehalchick.

## V. CONCLUSION

For the reasons outlined above, the Court will deem moot Plaintiff's objections (Doc. 20) to the Magistrate Judge's June 22, 2018 Order construing the Simplification & Clarification Amendments as the First Amended Complaint (Doc. 19). The Court will also dismiss the R&R (Doc. 29) and Plaintiff's objections thereto (Doc. 32) as moot. Further, the Court will affirm the January 11, 2019 Order (Doc. 30) denying Plaintiff's motion to vacate

and overrule Plaintiff's objections (Doc. 33) to the January 11, Order. Finally, the Court will deem and accept the January 31, 2019 document (Doc. 35) as the Second Amended Complaint. Thus, this case proceeds on the basis of the Plaintiff's Second Amended Complaint (Doc. 35). A separate Order follows.[2]

Robert D. Mariani
United States District Judge

---

[2] In closing, the Court notes that much of the procedural complexity in this matter has been caused by Plaintiff's numerous, sometimes duplicative, and confusing filings. Plaintiff is urged to consider the possibility of retaining counsel to assist in pursuing this action.