# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JO ANN ALLEN,                                  :
                                               :
             Plaintiff,                    :
                                               :        3:18-CV-209
    v.                                         :        (JUDGE MARIANI)
                                               :        (Magistrate Judge Mehalchick)
LACKAWANNA COUNTY BOARD OF       :
COMMISSIONERS, et al.,                         :
                                               :
             Defendants.                   :

## MEMORANDUM OPINION

## I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 46) by

Magistrate Judge Karoline Mehalchick in which she recommends that Defendants' Motion to

Dismiss (Doc. 36) be granted in part and denied in part (Doc. 46 at 42). The operative

complaint was filed on January 31, 2019, and is titled "Magistrate Judge Ordered, Amended

Complaint." (Doc. 35.) In a Memorandum Opinion issued on March 14, 2019, the Court

stated that "[t]he record in this case is muddled" (Doc. 42 at 2), an assessment in large part

based on the pro se Plaintiff's numerous unorthodox filings (id. at 2-6). In the process of

clarifying the record, the Court accepted the January 31, 2019, filing (Doc. 35) as Plaintiff's

"Second Amended Complaint." (Doc. 42 at 8.)

In the R&R under consideration, Magistrate Judge Mehalchick recommends that

Defendants' motion be granted as to the following claims:

a. Plaintiff's Disability Discrimination Claim brought under the ADA;

b. Plaintiff's private causes of action brought under 42 U.S.C. 1983; 42 U.S.C. 1981(a); 42 U.S.C. 12101-12213 and 12203; 43 PS 951-963; 29 U.S.C. 2601, et seq.; 29 U.S.C. 623(d); 28 C.F.R. 28, 35, 130-140; 43 28 C.F.R. 42.510-42.512; 29 CFR Labor 1630-1630.9; and Title 42, Pa Tort Claims Act, 8545;

c. Plaintiff's Retaliation Claim brought under the FMLA;

d. Plaintiff's Fourteenth Amendment Due Process Claim in connection with her March 11, 2015 suspension, her July 18, 2016 functional demotion and July 22, 2018 written warning; and

e. Plaintiff's state law claims for fraud and, to the extent such a claim may be liberally construed, intentional infliction of emotional distress.

(Doc. 46 at 42-43.)  She recommends that the motion be denied as to the following claims:

a. Plaintiff's Retaliation Claim under the ADA;

b. Plaintiff's Hostile Work Environment Claim under the ADA;

c. Plaintiff's Failure to Accommodate Claim under the ADA; and

d. Plaintiff's Fourteenth Amendment Due Process Claims brought against Lackawanna County in connection with her October 19, 2016, and November 1, 2016 Pre-Termination Notices.

(Doc. 46 at 43.)  The Magistrate Judge also recommends that further leave to amend be

denied and the matter be remanded to her for further proceedings.  (*Id.*)

Plaintiff filed objections to the R&R on September 4, 2019.  (Doc. 47.)  Defendants

did not file objections to the R&R and the time for doing so has passed.  Nor did Defendants

2

file a response to Plaintiff's objections and the last day for doing so has also passed. Therefore, this matter is ripe for disposition

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id.* at 100 (internal citations and quotation marks omitted).

Having conducted the required *de novo* review, the Court agrees with the R&R's conclusion that Defendants' Motion to Dismiss (Doc. 36) should be granted in part and

3

denied in part. However, because the Court does not reach the same conclusions on the dismissal of certain claims, the Court will adopt the R&R as modified.

## II. ANALYSIS

Plaintiff objects to the R&R's recommendation regarding the following claims: 1) ADA discrimination claim; 2) Fourteenth Amendment Due Process claim based on functional demotion; 3) FMLA retaliation and discrimination claims; 4) state law fraud and intentional infliction of emotional distress claims; 5) claims brought under "29 CFR Labor 1630-1630.9"; and 6) official immunity defense under "Title 42, Pa Tort Claims Act, 8545." (Doc. 47 at 13.) Plaintiff also objects to the recommendation that further leave to amend not be granted. (Doc. 47 at 13.) In addition to objecting to the recommended disposition of specific claims, Plaintiff points to errors contained in the Magistrate Judge's statement of the background and procedural history of the case. (Doc. 47 at 2-4.) The Court will address each of Plaintiff's specific objections to the recommended disposition of claims contained in her Second Amended Complaint (Doc. 35) and will consider alleged factual and procedural errors as they may be relevant to the analysis of the claim at issue.

### A.    ADA Discrimination Claim

Magistrate Judge Mehalchick summarized Plaintiff's ADA discrimination claim as follows:

> Allen generally alleges that Lackawanna County's reasons for terminating her were "illogical, irrational, incredible, unjust, and factually . . . pretext for prohibited employment discrimination and retaliation . . ." (Doc. 35, at 10). She then cites to the respective reasons Lackawanna County provided for

4

terminating her, claiming as follows: that any willful misconduct related to her access of the employer's network, in violation of their policies, is "absurd"; that her insubordination for not following the employer's network access policy was discriminatory, because Browning only sent the policy to her and thus did not "uniformly appl[y] [the directive] to all employees"; that the falsification of documentation charge is based on Lackawanna County's misinterpretation of a certain journal entry; and that her criminal misuse of county property "is not plausible as a criminal misdemeanor, let alone as [] employee misuse." (Doc. 35, at 10-11).

(Doc. 46 at 21-22.) Magistrate Judge Mehalchick then concluded that "[e]ven when taken as true, however, Allen's conclusory allegations fail to state a plausible ADA discrimination claim. Simply stated, Allen does not sufficiently plead that her termination was motivated by the Lackawanna County's discriminatory animus towards her alleged disability." (*Id.* at 22.)

In her objection to this finding, Plaintiff states that the alleged disability arises from her "unjustified, less-favorable treatment by LC, et al., due to her mental and physical disabilities." (Doc. 47 at 6.) She cites several examples of what she considers less favorable treatment based on her disabilities, including the following: removal of job responsibilities on July 28, 2016; replacement following her functional demotion with a younger, less experienced, non-disabled individual; segregation and isolation in her work station change; and "illicit" suspension, functional demotion, and immediate termination. (Doc. 47 at 6.)

Although Plaintiff's cited examples are not found in Count Six of her Second Amended Complaint, many related averments are contained elsewhere in the document. Her allegations of decreased job duties and replacement by a younger, less experienced,

5

non-disabled person are found in her allegations related to Count Three titled "FMLA, Disparate Treatment and Retaliation." (Doc. 35 at 5, Count Three ¶ d.) Allegations of improper demotion, suspension, and termination are also found in the Second Amended Complaint. (See Doc. 35 at 3-10.)

With their motion to dismiss, Defendants did not construe Count Six of Plaintiff's Second Amended Complaint to state a claim for disability discrimination. (Doc. 39 at 21.) Rather, they considered Count Six as a Fourteenth Amendment Due Process claim and analyzed it as such. (Id. at 21-22.)

The Magistrate Judge properly construed the cause of action in Count Six to claim disability discrimination under the ADA. (Doc. 46 at 21.) However, the Magistrate Judge considered only the allegations made under the "Employer Discrimination and Deception" heading of Count Six rather than reading the Second Amended Complaint as a whole and liberally construing allegations made therein.

As the Court of Appeals for the Third Circuit has advised "review of the sufficiency of [a plaintiff's] pro se complaint, 'however inartfully pleaded,' is less stringent than that of pleadings prepared by lawyers." Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). Further, the pro se filing is to be read as a whole and interpreted in the light most favorable to the plaintiff. Harrison v. Local 54 of Am. Federation of State, County and Municipal Emp., AFL-CIO, 518 F.2d 1276, 1283 (3d Cir. 1975) (citing Haines, 404 U.S. 519).

Reading the Second Amended Complaint as a whole and reading it most favorably to Plaintiff who is proceeding pro se, the Court concludes that the allegations contained therein raise a plausible claim for discrimination under the ADA. Importantly, Defendants do not specifically argue otherwise in their consideration of Count Six in their brief supporting their motion. (See Doc. 39 at 21-22.) Further, Defendants identify a disability discrimination claim in connection with failure to accommodate (id. at 9) and assert that the failure to accommodate claim fails for the same reason as the ADA retaliatory discharge claim fails (id. at 21). Insofar as the Magistrate Judge found that Defendants' motion should be denied as to the retaliatory discharge and accommodation claims (Doc. 46 at 15, 20, 43), Defendants' basis for denying an ADA disability discrimination claim is undermined. Therefore, Defendants have not provided an adequate rationale for dismissing Plaintiff's claim for discrimination under the ADA and this claim should go forward.

## B.    FMLA Retaliation Claim

The Magistrate Judge found that Plaintiff did not sufficiently allege a tangible, adverse employment action which is required to show FMLA retaliation as claimed in Count Three of the Second Amended Complaint. (Doc. 46 at 25-26.) The R&R states that "Defendants argue that Allen's retaliation claim fails because a functional demotion does not constitute an adverse employment action under the FMLA." (Doc. 46 at 24 (citing Doc. 39 at 17).) The Magistrate Judge agrees with this assessment:

> Allen asserts that she engaged in the protected activity of taking FMLA medical leave, from which she returned on May 5, 2015. (Doc. 35, at 5). Browning then

7

functionally demoted her from her "Civil Service responsibilities," despite allowing another employee to retain her same position upon similarly returning from medical leave. (Doc. 35, at 5). However, beyond Allen's vague allegation that Browning "adversely removed all of her state job responsibilities," she does not discuss what specific duties were eliminated, or whether an elimination of these responsibilities seriously affected the terms, conditions, or privileges of her employment. Thus, Allen does not sufficiently allege a tangible, adverse employment action that resulted from her alleged functional demotion. *See Langley*, 186 F. App'x at 260; cf. *Jakomas v. City of Pitt.*, 342 F. Supp. 3d 632, 645 (W.D. Pa. 2018) (finding employee suffered adverse employment action when employer assigned her menial tasks that were outside of her job description, such as organizing and cleaning offices, and lost many "residual supervisory responsibilities and authorities").

(Doc. 46 at 25-26.) Based on this analysis, the Magistrate Judge recommends that

Defendants' motion to dismiss Plaintiff's FMLA retaliation claim be granted. (*Id.* at 26.)

Plaintiff objects to the Magistrate Judge's recommendation, asserting that she

suffered an adverse employment action with the removal of here state civil service, ACM2

job duties and responsibilities. (Doc. 47 at 8.)

While the Magistrate Judge notes that Plaintiff did "not discuss what specific duties

were eliminated, or whether an elimination of these responsibilities seriously affected the

terms, conditions, or privileges of her employment" (Doc. 46 at 25), Defendants

acknowledged in their supporting brief that Plaintiff alleged in her Second Amended

Complaint that "she was 'forced out of her work-station' and that her consumer case load

was reassigned," (Doc. 39 at 16 (citing Doc. 35 "at Count III, *generally*").) In addressing the

adverse action requirement of the retaliation claim, Defendants recognized that Plaintiff

alleged in her Second Amended Complaint that "she was denied the return to 'ACM2

function.'" (Doc. 39 at 17 (citing Doc. 35 at 6 ¶ h).) Defendants then cite caselaw on the

issue of what constitutes an adverse action:

> A plaintiff claiming retaliation must show that a reasonable employee would
> have found the alleged retaliatory action so materially adverse that it might
> deter a reasonable worker from exercising a protected right under the FMLA.
> *See Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006). A purely lateral
> transfer that does not involve a demotion in form or substance, cannot rise to
> the level of a materially adverse employment action. *See Glenn v. Horgan
> Bros.*, 2005 WL 1503428, *6 (E.D. Pa. June 24, 2005). A transfer involving no
> reduction in pay and no more than a minor change in working conditions does
> not qualify as materially adverse. *Id.*; *see also Hair v. Fayette Cty. of
> Pennsylvania*, 265 F. Supp. 3d 544, 568 (W.D. Pa. 2017)(holding that a lateral
> transfer is not a materially adverse employment action.)

(Doc. 39 at 17.) Defendants follow with the statement that "Plaintiff's complaint does not

allege that she suffered any reduction in pay or that her position was changed from that of

AMC2 [sic] staff member." (*Id.* (citing Doc. 35 at Count III, *generally*).). On this basis they

conclude that "[a]ny alleged change to Plaintiff's employment was not materially adverse, as

such, Plaintiff has failed to state a claim for retaliation under the FMLA." (*Id.* at 17-18 (citing

*Hair*, 265 F. Supp. 3d at 568).)

The Court finds Defendants' conclusory assertions problematic and inadequate.

First, the juxtaposition of Defendants' recognition that Plaintiff pled she was not "return[ed]

to ACM2 function" with the statement that Plaintiff "does not allege that . . . her position was

changed from that of AMC2 [sic] staff member" shows that Defendants recognized that

Plaintiff alleged a change in job duties but, because she did not allege she did not have the

same title or reduced pay, she failed to state a retaliation claim. With this conclusion,

9

Defendants did not review or assess the changes in job duties identified by Plaintiff.

Second, the authority cited by Defendants does not support the proposition that a plaintiff who retains the same title and pay cannot satisfy the adverse action requirement of a retaliation claim. Rather, the relevant authority indicates that the requirement could be satisfied where a change in the employment relationship did not result in a loss of pay or different job title but the employee experienced "more than a minor change in working conditions," *Glenn*, 2005 WL 1503428, *6, i.e, a "demotion in . . . substance," *id.* Notably, *Hair*, upon which Defendants relied (Doc. 39 at 18), cited *O'Neal v. Brownlee*, 2004 WL 2827052, at *6 (E.D. Pa. Dec. 9, 2004), where the court acknowledged that "a purely lateral transfer, which does not involve a change in pay or a demotion in any other form, does not constitute an adverse action," but "in certain circumstances a transfer or reassignment may be a materially adverse action." 265 F. Supp. 3d at 568. Similarly, authority cited in the R&R also stands for the proposition that a change in job duties including a loss of supervisory responsibilities and authority may constitute an adverse employment action. (Doc. 46 at 26 (citing *Jakomas*, 342 F. Supp. 3d at 645).) Of further note is the fact that *Jakomas*, *Hair*, and O'Neal, were all decided at the summary judgment stage where details regarding the allegedly adverse actions had been developed in the record, 342 F. Supp. 3d at 639; 265 F. Supp. 3d at 550; 2004 WL 2827052, at *1, and such development has not occurred here.

Viewed within the proper legal framework and placing the burden on Defendants at
this stage of the proceedings to show that Plaintiff has not stated a plausible claim for relief,
see, e.g., Gould Electronics v. United States, 220 F.3d 169, 178 (3d Cir. 2000), the Court
concludes Defendants have not satisfied their burden because they have not established
that the changes Plaintiff experienced in her job duties were "no more than minor" or a
demotion of some form or substance. While Plaintiff may ultimately fail to satisfy this
element of her claim, that is not the question before the Court at the motion to dismiss
stage. Skinner v. Switzer, 562 U.S. 521, 529-30 (2011). At this stage the Court decides
only that a decision that Plaintiff cannot satisfy the adverse action element of her retaliation
claim as a matter of law would be premature. Therefore, Defendants' motion to dismiss
Plaintiff's FMLA retaliation claim will be denied.

## C.   Fraud Claim

The Magistrate Judge determined that Plaintiff's allegations of fraud did not contain

the specificity required by Federal Rule of Civil Procedure 9(b) with respect to the intent

prong of the claim. (Doc. 46 at 39.)   The R&R contains the following analysis:

> Allen alleges the January 2, 2015, email was a false representation of "an
> existing AAA policy on the 'Accessing' of SAMS" only from a AAA computer.
> (Doc. 35, at 4). However, Allen does not state a fraud claim against Browning
> and Carmody because Allen does not allege Browning and Carmody acted with
> an intent to defraud anyone. Under the Scienter heading of her complaint, Allen
> merely alleges Browning and Carmody knew it to be false and did not take any
> affirmative steps to correct its falsity. (Doc. 35, at 4). See Malibu Media, LLC v.
> Doe, 238 F. Supp. 3d 638, 646 (M.D. Pa. 2017) (granting motion to dismiss
> fraud claim where only "cursory assertion" supported claim that defendants
> acted with requisite intent). As such, Allen's allegations of fraud do not contain

11

the specificity required by Fed. R. Civ. P. 9(b) with respect to the intent prong of her fraud claim. *See Foster*, 372 F. Supp. 2d at 800 (quoting *Feeney*, 849 A.2d at 597).

(Doc. 46 at 39.)

Plaintiff objects to the Magistrate Judge's determination but she does so in a general and vague manner without specifically addressing the deficit identified in the R&R, i.e., Plaintiff did not allege that Browning (the director of the Lackawanna County Area Agency on Aging, where she had been employed) or Carmody (Lackawanna County's attorney) acted with an intent to defraud anyone (Doc. 46 at 39). (Doc. 47 at 11.) Plaintiff then states that she has answered "Who, What, When, Where, Why, and How." (*Id.*)

Turning now to the question of whether Plaintiff's Second Amended Complaint states that Browning or Carmody acted with an intent to defraud anyone, the Court will first look to the application of Rule 9(b)'s specificity requirement to Plaintiff's pro se Second Amended Complaint.

Other Courts have found that "Rule 9(b)'s particularity standard may be read more broadly for *pro se* complainants, but it still requires of them a degree of specificity." *U.S. ex rel. Eisenstein v. City of New York*, Civ. A. No. 03-CV-413, 2006 WL 846378, at * (Mar. 31, 2006). In *Foster*, this Court noted that the pro se plaintiff had relied on *Killian v. McCulloch,* 850 F.Supp. 1239, 1254 (E.D.Pa.1994), for the position that "as long as there is some precision and some measure of substantiation in the pleading the rule is satisfied." 372 F. Supp. 2d at 800 (internal quotation omitted). *Foster* did not dispute the proposition

but concluded that there was "no precision or substantiation" in the operative complaint in

that the plaintiff had alleged only that the defendants were "guilty of tampering, redacting,

altering documentation dates, time, and content." *Id.* (internal quotation omitted).

> *Killian* discussed Rule 9(b)'s specificity requirement as follows:
>
> the Third Circuit has noted that "in applying Rule 9(b), 'focusing exclusively on
> its "particularity language" is too narrow an approach and fails to take
> account of the general simplicity and flexibility contemplated by the
> rules.'" *Id.* (citations omitted). The rule's purpose is to give notice to the
> defendant of the precise misconduct with which she is charged, and to protect
> her from any spurious charges of fraudulent or immoral behavior. *In Re
> Meridian Securities Litigation,* 772 F. Supp. 223, 229 (E.D.Pa.1991). As long
> as there is some precision and some measure of substantiation in the
> pleadings, the rule will be satisfied. *Id.*

850 F. Supp. at 1253–54. The Third Circuit has noted that Rule 9(b)'s requirement that a

fraud claim be pled with particularity is meant "[t]o place the defendant on notice of the

'precise misconduct with which [it is] charged,'" *Frederico v. Home Depot,* 507 F.3d 188,

200 (3d Cir.2007) (alteration in original) (quoting *Lum v. Bank of America,* 361 F.3d 217,

223–24 (3d Cir. 2004)). To do so, a plaintiff "must plead or allege the date, time and place

of the alleged fraud or otherwise inject precision or some measure of substantiation into a

fraud allegation," *id.* at 200 (citing *Lum,* 361 F.3d at 224), and "must allege who made a

misrepresentation to whom and the general content of the misrepresentation," *Lum,* 361

F.3d at 224.

While Plaintiff's Second Amended Complaint is far from a model of clarity, Plaintiff

states under Count Two for "Fraud upon the Court" that Browning and Carmody "submitted"

the allegedly false email statement that they knew was false. (Doc. 35 at 4 ¶ c.) In that

paragraph she does not say to whom they submitted it. However, in the following

paragraphs, Plaintiff states that that the email was relied upon by the Unemployment

Compensation Judge at the Unemployment Compensation Hearing for the Lackawanna

County Appeal to show "just cause to fire Plaintiff for willful misconduct due to breach of this

. . . email policy" (*id.* ¶ d.), and the loss of unemployment compensation eligibility was the

"result of LC, AAA Director [Browning] and Attorney [Carmody] Fraud, in post-employment

reprisal against Allen" (*id.* ¶ e).

A fair reading of these assertions indicates that Plaintiff is alleging that Brown and

Carmody submitted the email they knew to be false to the unemployment compensation

judge at the hearing for the County's appeal of the award of benefits to Plaintiff. This

reading of the allegations contained in the fraud claim supports a finding, contrary to that of

the Magistrate Judge, that Plaintiff alleges Browning and Carmody acted with an intent to

defraud someone, i.e., the Unemployment Compensation Hearing Judge. The Court

therefore finds that Plaintiff's fraud claim, though inartfully pled, places Defendants on notice

of the "precise misconduct with which [they are] charged,'" *Frederico,* 507 F.3d at 200

(internal quotation omitted).[1]

---

[1] Though Plaintiff cannot satisfy the pleading standard through objection, she provides additional relevant information with her Objections. (Doc. 47.) Plaintiff clarifies that she did not allege that Karen Shimelfenig falsely testified at the Unemployment Compensation Hearing as the Magistrate Judge indicated in the background section of the R&R. (Doc. 47 at 4 (citing Doc. 46 at 5).) Plaintiff further notes that the "email of an unreal, LC policy on 'accessing' was submitted to the UC Referee by Defendants' lawyer, Matthew J. Carmody, in a fraudulent representation of the actual, LC computer-usage policy."

## D.    Intentional Infliction of Emotional Distress

The Magistrate Judge concluded that Plaintiff cannot state a claim for Intentional Infliction of Emotional Distress (IIED) as a matter of law, finding that "[e]ven when liberally construed and taken as true, as a matter of law, none of Defendants' conduct rises to a level of extremity or outrage as would afford Allen relief." (Doc. 46 at 41 (citing *Moyer v. Lebanon Cty.*, No. 3:16-CV-01424, 2017 WL 6989168, at *4 (M.D. Pa. Dec. 28, 2017) (*report and recommendation adopted* 2018 WL 372444 (M.D. Pa. Jan. 18, 2018)).)

With her objections, Plaintiff confirms that she intended to raise an IIED claim and lists the actions which she asserts to be "conspicuously disgraceful, offensive conduct." (Doc. 47 at 12.)

Under Count Four for "ADA, Disability Harassment in Hostile Ambience" in her Second Amended Complaint, Plaintiff alleges that "with the misconduct knowledge of [Employer], et al., [she] has endured pervasive and grievous, psychological duress/harm to the point of necessitated, professional mental-health counseling for suicidal ideation from November 19th 2016, to 2018. (Tort Intentional Infliction of Severe, Emotional Distress)" (Doc. 35 at 9 ¶ n).  In the same count, Plaintiff states that she "suffers from unexpected, distress-triggered, Anxiety attacks, and severe, pervasive Osteoarthritis pain in knees and feet" (Doc. 35 at 6 ¶ c)  and identifies several allegedly offensive actions (*id.* at 7-8).

---

(Doc. 47 at 4.)   As noted previously, Defendants did not respond to Plaintiff's objections so, although the Court does not rely on the assertion quoted above, Defendant has provided no basis upon which to discount it.

Elsewhere in the Second Amended Complaint, Plaintiff alleges that her Anxiety Disorder with Major Depression "causes physical incapacitate [sic], and necessitates FMLA intermittent leave, when distress-triggered" and her ADA protection is based on Anxiety Disorder with Major Depression and osteoarthritis in her knees and feet. (Doc. 35 at 5, 6.)

Plaintiff's Second Amended Complaint is replete with allegations of wrongful conduct on the part of her employer. On the basis of such claims the Magistrate Judge concluded that Plaintiff's claims for Retaliation under the ADA, Hostile Work Environment under the ADA, Failure to Accommodate under the ADA, and Fourteenth Amendment Due Process Claims brought against Lackawanna County in connection with her October 19, 2016, and November 1, 2016, Pre-Termination Notices should go forward. The Court has concluded Plaintiff's Disability Discrimination Claim under the ADA, her Retaliation Claim brought under the FMLA, and her Fraud claim also go forward. *See supra* pp. 4-14.

Given that Plaintiff's allegations of wrongdoing contained in the claims which go forward have been found to contain plausible claims for relief, the arguable cumulative effect of that alleged wrongdoing on Plaintiff, who "has a duress-induced, episodic Anxiety Disorder with Major Depression, medical condition, that causes physical incapacitate [sic], and necessitates FMLA intermittent leave, when distress-triggered" (Doc. 35 at 5), must be considered when determining whether she has stated a plausible IIED claim. Neither the Magistrate Judge nor Defendants appear to have considered the claim from this perspective, i.e., their analysis of the claim does not show that they read the complaint as a

whole in concluding Plaintiff could not state an IIED claim as a matter of law.[2] (Doc. 39 at

19 n.4; Doc. 46 at 39-41.) Recognizing Plaintiff's inartful pleading and the difficulty in

establishing a claim for IIED in the employment context (Doc. 46 at 40 (listing cases)), the

factual allegations contained in claims which survive the pending motion coupled with

allegations related to Plaintiff's anxiety disorder and depression may present the rare case

where such a claim succeeds. Thus, the Court concludes it would be premature at this

stage of the proceedings to find that Plaintiff has not stated a plausible IIED claim

## D.    Other Matters

Plaintiff does not provide meaningful objections to the Magistrate Judge's

recommendations that Defendants' motion should be granted as to many of her Fourteenth

Amendment Due Process claims. (See Doc. 47 at 9-10 (citing R&R at 27-35).) Therefore,

the Court will adopt the Magistrate Judge's recommendations as to these claims.

## E.    Leave to Amend

The Court concurs with the R&R's assessment that leave to amend is not warranted

in light of Plaintiff's previous opportunities to amend and the state of the current record.

(See Doc. 46 at 41-42.) This determination is bolstered by the fact that the Court has

found that, in addition to the four claims the Magistrate Judge recommends should not be

---

[2] It was not until Plaintiff filed objections to the R&R that she more specifically elaborated the basis for her emotional infliction of emotional distress claim. (Doc. 47 at 12.) Defendants did not file a response to Plaintiff's objections and, therefore, have not factually discredited assertions made in Plaintiff's filing regarding this claim.

dismissed, the Court has sustained Plaintiff's objections on the four claims addressed with specificity in her Objections to Magistrate District Judge's Report & Recommendation" (Doc. 47), her claims for Disability Discrimination Claim under the ADA, Retaliation Claim brought under the FMLA, Fraud, and Intentional Infliction of Emotional Distress.

## V. CONCLUSION

For the foregoing reasons the Court will adopt the R&R (Doc. 46) in part and the Court will deny Defendants' Motion to Dismiss (Doc. 36) in part and grant it in part. The Court will **DENY** the motion as to the following claims: Retaliation under the ADA; Hostile Work Environment under the ADA; Failure to Accommodate under the ADA; Disability Discrimination under the ADA; Retaliation under the FMLA; Fraud; Intentional Infliction of Emotional Distress; and Fourteenth Amendment Due Process against Lackawanna County in connection with her October 19, 2016, and November 1, 2016, Pre-Termination Notices. The Court will **GRANT** Defendants' Motion to Dismiss in all other respects. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge