Joseph J. Joyce, III
Regina M. Blewitt
Brendan N. Fitzgerald
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
PH (57) 602-3560
FAX (570) 602-3561                                        Attorneys for Defendants

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JO ANN ALLEN,** | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | **CIVIL ACTION - LAW** |
| **v.** | |
| **LACKAWANNA COUNTY, et al.,** | **THE HONORABLE KAROLINE MEHALCHICK** |
| **Defendants.** | **No. 3:18-cv-00209-RDM-KM** |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Lackawanna County, William Browning, Brian Loughney, Colin Holmes, and Matthew J. Carmody, (collectively, "Defendants") by and through their undersigned counsel, hereby submit this answer and raise affirmative defenses to amended complaint (Doc. 35) of Plaintiff JoAnn Allen ("Plaintiff") as follows:

## I.       BACKGROUND AND PROCEDURAL HISTORY

Denied.  The averments of paragraph I of Plaintiff's amended complaint are based upon a written document, which speaks for itself and any characterization of its contents by Plaintiff are specifically denied.  By way of further response, the remaining averments contained in paragraph I are legal conclusions to conclusions

to which no response is required.  To the extent a response may be required said legal conclusions are specifically denied.

## II.   DISCUSSION ON F.R.C.P 12 (b)(6)

Denied.  The averments of paragraph II of Plaintiff's amended complaint are legal conclusions to conclusions to which no response is required.  To the extent a response may be required said legal conclusions are specifically denied.

## IV.   GROUND FOR JURISDICTION AND VENUE[1]

Admitted in part; denied in part.  It is admitted only that Plaintiff purports to invoke the jurisdiction of this Court through 28 U.S.C. §§ 1331, 1343 and 1367 and venue of this Court pursuant to 28 U.S.C. § 1391.  It is specifically denied, however, that Plaintiff's amended complaint advances legally sufficient claims to warrant federal jurisdiction.

## V.   DEMAND FOR RIGHT OF TRIAL BY JURY

Admitted in part; denied in part.  It is admitted only that Plaintiff seeks a trial by jury.  It is specifically denied, however, that Plaintiff is entitled to a jury trial on each of the claims advanced in her amended complaint.

---

[1]      Plaintiff has mis-numbered the sections or paragraphs contained in her amended complaint.  See (Doc. 35), generally.

## VI.    STATEMENT ON CLAIMS FOR RELIEF

Denied.   The averments of paragraph VI [sic] of Plaintiff's amended complaint are legal conclusions to which no response is required.   To the extent a response may be required said legal conclusions are specifically denied.   By way of further response, the only viable claims currently remaining in this action are identified in paragraph 3 of the Honorable Robert D. Mariani's September 23, 2019 Order.   See (Doc. 49) at ¶ 3.

## VII.   PRAYER FOR RELIEF

Denied.   The averments of paragraph VII [sic] of Plaintiff's amended complaint are legal conclusions to which no response is required.   To the extent a response may be required said legal conclusions are specifically denied.

## VIII.  PLAINTIFF'S, MAGISTRATE ORDER REQUIRED AMENDED PLEADING.

Denied.  The averments contained in Counts #1-#6 of paragraph VIII [sic] of Plaintiff's amended complaint are legal conclusions to which no response is required.   To the extent a response may be required said legal conclusions are specifically denied.

### AFFIRMATIVE DEFENSES

1.    Defendants incorporate herein by reference, the preceding paragraphs of this answer and affirmative defenses.

3

2.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

3.     Plaintiff's claims are barred by the applicable statute of limitations.

4.     Defendants are immune from suit and/or liability on Plaintiff's claims under the doctrines of governmental immunity, quasi-judicial immunity, prosecutorial immunity, high public official immunity, and qualified immunity.

5.     At all times mentioned in the complaint, the answering individual Defendants were employed by Lackawanna County and acting in their respective official capacities. Their alleged actions, if any, were made in good faith, without malice and/or performed in the reasonable belief that those actions were authorized by and in accord with existing law and authority.

6.     Defendants did not fail to reasonably accommodate Plaintiff.

7.     Plaintiff were not qualified individuals for the purposes of the American's with Disabilities Act (the "ADA").

8.     Plaintiff's claims fail, in whole or in part, as against Defendants because Defendants did not discriminate, intentionally or otherwise, against Plaintiff on the basis of any alleged disability.

9.     Plaintiff's claims fail, in whole or in part, as against the Defendants because Plaintiff cannot establish a prima facie case.

4

10.     Plaintiff's claims fail, in whole or in part, as against Defendants because Plaintiff were not denied participation in or the benefit of services provided by the Defendants.

11.     Plaintiff's demand for compensatory damages fails as against the County because the County did not discriminate, intentionally or otherwise, against Plaintiff on the basis of any alleged disability.

12.     Plaintiff's claims are barred because the claimed violations are "de minimis" and not actionable.

13.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

14.     Plaintiff expressly and/or impliedly waived all of their claims against Defendants.

15.     Plaintiff is not entitled to the recovery of attorneys' fee and costs.

16.     Plaintiff's demand for compensatory and other damages fails to provide requisite detail concerning actual and other damages incurred.

17.     The County has absolute immunity from punitive damages.

18.     Plaintiff's demand for compensatory damages under her ADA claim fail as a matter of law.

19.     Plaintiff are not entitled to a jury trial on their claims pursuant to the ADA.

20.    Plaintiff's retaliation claims fail for lack of adverse employment action.

21.    Plaintiff's retaliation claims fail because she cannot establish any causal connection between protected activity and an adverse employment action.

22.    Plaintiff has failed to exhaust administrative remedies as to her disability discrimination claims.

23.    Plaintiff has failed to exhaust administrative remedies as to her disability retaliation claims.

24.    Plaintiff's allegations of disability discrimination in her administrative complaints did not preserve an allegation of disability retaliation.

25.    Plaintiff's claim is barred due to Plaintiff's failure to put forth any well-pleaded allegations of unlawful and/or discriminatory intent.

26.    Plaintiff's claims are barred due to Defendants' legitimate non-discriminatory reasons for the employment action at issue.

27.    Plaintiff's claim is barred because Plaintiff cannot demonstrate that the legitimate non-discriminatory reason for the employment action at issue was a pretext for discrimination.

28.    Plaintiff's claim is barred because at all times relevant hereto, Defendants did not discriminate against Plaintiff.

29.    Plaintiff was not capable of satisfactorily performing the essential functions of her job, with or without a reasonable accommodation.

6

30.     Plaintiff's claims fail in whole or in part because Plaintiff's request for and grant of intermittent Family and Medical Leave Act leave constitutes a request for a reasonable accommodation under the Americans with Disabilities Act, therefore, Plaintiff received the accommodation that she requested.

31.     Plaintiff is not entitled to a jury trial on her retaliation, disparate impact and failure to accommodate claims asserted through the Americans with Disabilities Act.

32.     Plaintiff's demand for compensatory, punitive damages and/or other damages on her retaliation, disparate impact and failure to accommodate claims asserted through the Americans with Disabilities Act fail as a matter of law.

33.     Plaintiff's claims fail in whole or in part because Plaintiff's protected activity under the Americans with Disabilities Act, if any, was not the determinative factor or but-for cause of Plaintiff's complained of adverse employment action(s).

34.     Plaintiff's claims fail in whole or in part because Plaintiff's exercise of the right to take intermittent Family and Medical Leave Act leave was not the determinative factor or but-for cause of Plaintiff's complained of adverse employment action(s).

35.     Plaintiff's claims fail in whole or in part because Defendant did not willfully, if at all, violate Plaintiff's rights under the Family and Medical Leave Act.

36.     Plaintiff's claims fail in whole or in part because Defendant acted in good faith and had reasonable grounds for believing its conduct did not violate the Family and Medical Leave Act.

37.     Plaintiff's hostile work environment claim is barred because Plaintiff cannot demonstrate she was subject to unwelcome harassment.

38.     Plaintiff's hostile work environment claim is barred because Plaintiff cannot demonstrate the harassment was based on her disability or request for an accommodation.

39.     Plaintiff's hostile work environment claim is barred because Plaintiff cannot demonstrate that any alleged harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.

40.     Plaintiff's hostile work environment claim is barred because Plaintiff cannot demonstrate the employer knew or should have known of the harassment and failed to take prompt, effective remedial action.

41.     Plaintiff's fraud claim is barred because Plaintiff cannot demonstrate that there were any false representations made by any of the named Defendants.

42.     Plaintiff's fraud claim fails because Plaintiff cannot demonstrate that that were material to the unemployment compensation hearing.

8

43.     Plaintiff's fraud claim fails because Plaintiff cannot demonstrate that any statements made by the named Defendants were made with knowledge or reckless indifference of the falsity of any statements made.

44.     Plaintiff's fraud claim fails because Plaintiff cannot demonstrate that the named Defendants acted with the intent to mislead another.

45.     Plaintiff's fraud claim fails because Plaintiff cannot demonstrate that the unemployment compensation board justifiable relied on any purportedly false or misleading statements made by the named Defendants.

46.     Plaintiff's fraud claim fails because Plaintiff cannot demonstrate that injury resulted from Defendants' alleged actions.

47.     Plaintiff's intentional infliction of emotional distress claim fails because Plaintiff cannot demonstrate that Defendants' conduct was so "extreme and outrageous", and that Defendants intentionally or recklessly caused severe emotional distress to the Plaintiff.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss the amended complaint of Plaintiff and enter judgment in their favor and against Plaintiff.

Respectfully Submitted,

s/ Brendan N. Fitzgerald
Joseph J. Joyce, III
Regina M. Blewitt
Brendan N. Fitzgerald
**Joyce, Carmody & Moran, P.C.**
9 North Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561
Email: bnf@joycecarmody.com

Attorneys for Defendants

DATED:  October 17, 2019

Joseph J. Joyce, III
Regina M. Blewitt
Brendan N. Fitzgerald
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
PH (57) 602-3560
FAX (570) 602-3561                                    Attorneys for Defendants

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JO ANN ALLEN,** | |
| **Plaintiff,** | **JURY TRIAL DEMANDED** **CIVIL ACTION - LAW** |
| **v.** | |
| **LACKAWANNA COUNTY, et al.,** | **THE HONORABLE KAROLINE MEHALCHICK** |
| **Defendants.** | **No. 3:18-cv-00209-RDM-KM** |

## CERTIFICATE OF SERVICE

I, Brendan N. Fitzgerald, certify that on this date I caused a true and correct copy of the foregoing answer and affirmative defenses to Plaintiff's amended complaint to be served <u>via</u> United States first class mail upon the following counsel of record and/or unrepresented parties:

Jo Ann Allen
18 Humphrey Road
Dalton, PA 18414

Pro Se Plaintiff

*s/ Brendan N. Fitzgerald*
Brendan N. Fitzgerald

DATED:  October 17, 2019

11